COMMONWEALTH *vs.* SULLIVAN BIGELOW

On the trial of an indictment on the Rev. Sts. c. 127, § 8, for having in possession a counterfeit bank bill with intent to pass it as true, knowing it to be counterfeit, evidence that the defendant had passed other counterfeit bills is admissible to show his knowledge that the bill mentioned in the indictment was counterfeit; but his conversation respecting a bill which he had passed, if made after he passed it, is not admissible to prove the fact that such bill was counterfeit, without the production of the bill itself, or proof that it is destroyed, or is in the possession or con trol of the defendant.

THIS case came before the court on exceptions to the admission of evidence by the judge before whom the defendant was tried and convicted in the court of common pleas.

HUBBARD, J. The defendant was indicted on the Rev. Sts. c. 127, § 8, for having in his possession a counterfeit bank note of the denomination of three dollars, on the Washington Bank, in Boston, with intent to pass the same as true, knowing it to be counterfeit. The defendant admitted that he had the bill in his possession, and did not deny that it was counterfeit.

To support the allegation, the counsel for the government, among other evidence, introduced the testimony of J. P. Gilson

who stated that he was a clerk in the store of a Mr. Albee, near the defendant's shop, and that the defendant, on the forenoon of the day of his arrest, which was Saturday, September 9th 1843, bought of him a barrel of flour, and that he was in the habit of trading there : That he passed to the witness a ten dollar bill of the Grafton Bank in New Hampshire ; that the price of the flour was five dollars and sixty two cents, and that the defendant received back the change : That the witness looked at the bill when he took it, and at the detector, and told the defendant there were some counterfeit bills on that bank : That the defendant said it was a good bill, and the witness took it : That on next morning he carried the said ten dollar bill to the defendant, and conversed with him in relation to it. The defendant's counsel objected to the admission of this conversation. But, for the purpose of showing that the bill was counterfeit, and the defendant's knowledge that it was so, the evidence was admitted ; as was also a further conversation between the witness and the defendant, on the same subject. And there was no other evidence to show that the said bill on the Grafton Bank was counterfeit.

From the nature of the offence of passing counterfeit bills, or of having them with intent to pass them as true, which consists not merely in passing them, or in having them with intent to pass them as true, but in the knowledge, when they were passed or so possessed, that they were counterfeit, evidence is admissible of the passing of other bills, about the same time, knowing them to be counterfeit, as having a direct tendency to prove guilty knowledge in the case in which the party stands accused. And this is founded in sound principle. The object of the testimony is not to convict or accuse him of other crimes, but to establish the fact of such a knowledge, on his part, of the true character of the bill uttered by him, and which is proved to be counterfeit, as will justify the jury in inferring his guilt in the case on trial. And so far as this may be deemed a departure from the technical rules of evidence, it is a departure justified by the peculiar nature of the crime of passing counterfeit money; consisting not in the fact of passing, which may be done by an innocent person, but in

the guilty knowledge connected with such passing. And the admission of such testimony is sanctioned by authority and practice. Greenl. on Ev. § 53. 4 Met. 47.

In the case at bar, however, we think the ruling of the learned judge, as stated in the exceptions, exceeded the true range to be allowed to this species of testimony ; the error, in our judgment, consisted in admitting the conversation or confessions of the party, not made at the time of passing the bill on the Grafton Bank, to prove the fact that the bill was counterfeit, without the production of the bill itself ; or, in the absence of the bill, without proof of its being destroyed, or that it was in the possession or control of the defendant. *Phillips's case,* 1 Lewin's Crown Cases, 105. *Rex* v. *Forbes,* 7 Car. & P. 224. *Regina* v. *Cooke,* 8 Car. & P. 586.

We are of opinion that the evidence admitted was not competent to prove the *fact* that the bill on the Grafton Bank was counterfeit, and should not therefore have been received as tending to prove the *scienter* in the present case.

But in coming to this conclusion we do not mean to exclude the admissions of a defendant, indicted for passing a counterfeit bill, which is legally proved to be counterfeit, tending to show that he passed it, believing it to be counterfeit at the time he passed it. We think such admissions, made after the time of passing it, would be competent evidence to establish the charge in the indictment.

The exceptions are sustained, and a new trial is granted, to be had at the bar of the court of common pleas.

*Choate & J. Dana,* for the defendant.

*Huntington,* (District Attorney,) for the Commonwealth.